AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Clemente Ordonez-Lux<br><br>*Defendant(s)* | Case No.<br>2:25-mj-1115-KCD |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 1, 2025** in the county of **Lee** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Possession of False Visa or Other Immigration Document |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

/s/ Yanse Aseng
*Complainant's signature*

Deportation Officer Yanse Aseng, ICE
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 5/2/25

*Judge's signature* (Kyle C. Dudek)

City and state: Fort Myers, Florida

KYLE C. DUDEK, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Yanse Aseng, being duly sworn, do depose and say:

1. I am employed as a Deportation Officer with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations, in Fort Myers, Florida, and have been so employed since November 2017. Prior to my employment with ICE, I was employed as a Customs and Border Protection Officer from 2014 through 2017, and as a United States Border Patrol Agent from 2008 through 2014. I have completed the ICE Field Operations Training Program, the Fugitive Operations Training Program, the Customs and Border Protection Officer Basic Training Program, and the Border Patrol Agent Basic Training Program.

2. As a Deportation Officer, my duties include the apprehension of aliens who are in the United States illegally and the enforcement of immigration laws. In this role, I have investigated and prosecuted various crimes that have an immigration nexus, including offenses involving aliens who knowingly possess counterfeit immigration documents, in violation of 18 U.S.C. § 1546(a). This affidavit is based upon my personal knowledge and information which has been provided to me by other law-enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me or law enforcement in this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause that:

3. **Clemente ORDONEZ-Lux** knowingly possessed a counterfeit Legal Permanent Resident Card (LPR) and Social Security Card (SS), which he knew to be counterfeited or falsely made, in violation of 18 U.S.C. § 1546(a).

### Probable Cause

4. On May 1, 2025, **Clemente ORDONEZ-Lux** was a passenger in a vehicle in Fort Myers, Florida, when the vehicle was stopped by the Fort Myers Police Department for driving the wrong way/against traffic. During the stop, **ORDONEZ-Lux** presented for identification purposes a Guatemalan Consular Identification bearing his name and photograph. The identification card identified **ORDONEZ-Lux** as a Guatemalan national born in Cunen, Quiche, Guatemala; the card stated that it was issued in 2023. An ICE Deportation Officer assisted the Fort Myers Police Department during the traffic stop.

5. **ORDONEZ-Lux** admitted to being a citizen and national of Guatemala illegally present in the United States, and he was arrested and transported to the ICE sub-office in Fort Myers, Florida for processing.

6. At the ICE sub-office, **ORDONEZ-Lux** was asked to identify his personal belongings, and he identified a brown wallet and a cellphone as his before it was inventoried during intake. The inventory of **ORDONEZ-Lux's** belongings yielded a counterfeit Legal Permanent Resident Card bearing his photograph and personal information as well as a counterfeit Social Security Card. Neither card bared any security features. Prior to his property being inventoried, **ORDONEZ-Lux** had not shown or provided either the LPR card or the SS card to law enforcement for

identification purposes; instead, he had only provided the Guatemalan consular ID card. I believe that this is evidence that **ORDONEZ-Lux** knew that the LPR card and SS card were fake.

7. The alien registration number displayed in the LPR card was queried through DHS databases yielding a registration and assignment to a male who is a naturalized United States citizen born in El Salvador; the number is not assigned to **ORDONEZ-Lux**. The LPR card states that it was issued in 2019. Given that **ORDONEZ-Lux's** Guatemalan consular ID card was issued in 2023, I believe that the "2019 issuance" of the LPR card provides further support for the idea that **ORDONEZ-Lux** knew that the card was fake. From my training and experience, I know that aliens living in the United States often obtain foreign consular ID cards so that they have some form of photo identification in the United States; a photo identification card may allow them to do things such as open bank accounts. The need for a foreign consular ID card is greatly diminished, though, if someone has an LPR card—as the LPR card already provides a valid photo identification card.

8. The number displayed in the Social Security Card was queried through DHS databases and is associated to a Legal Permanent Resident of the United States born in Canada. According to DHS databases, the social security number is not associated with **ORDONEZ-Lux**.

9. **ORDONEZ-Lux's** photograph and fingerprints were searched in DHS's Automated Biometric Identification System (IDENT) and the Federal Bureau of Investigation's Next Generation Identification (NGI) databases. These databases

indicated that **ORDONEZ-Lux's** fingerprints yielded negative results for an assigned alien registration number and a Fingerprint Identification number (FINS). **ORDONEZ-Lux** was assigned an alien registration number of 221 452 301 for his Warrant of Arrest Notice to Appear in immigration court. If, when **ORDONEZ-Lux** entered the United States, he had presented himself for inspection at a Port of Entry, his fingerprints and photograph would have been taken and would be reflected in IDENT and US VISIT reports. Given the lack of records related to **ORDONEZ-Lux** in these databases, I believe that **ORDONEZ-Lux** entered the county illegally (and not through a port of entry). His illegal entry and presence in the country provides further support for the idea that **ORDONEZ-Lux** knew that his LPR card and SS card were fake.

10. Based on the information stated in this affidavit, I respectfully submit that there is probable cause to believe that **ORDONEZ-Lux** knowingly possessed a fraudulent Lawful Permanent Resident card and a fraudulent Social Security card which he knew to be counterfeit or falsely made, in violation of 18 U.S.C. § 1546(a).

/s/ Yanse Aseng
Yanse Aseng, Deportation Officer
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn and subscribed to me by telephone
this  2nd  day of May, 2025, in Fort Myers, Florida.

_____
KYLE C. DUDEK
United States Magistrate Judge